This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JOSE MELENDEZ,**

     Worker-Appellant,

**v.**                                                                          **No. 32,293**

**SALLS BROTHERS CONSTRUCTION,**
**INC. and BITUMINOUS INSURANCE CO.,**

     Employer/Insurer-Appellee.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Terry S. Kramer, Workers' Compensation Judge**

Law Office of Mel B. O'Reilly, LLC
Mel B. O'Reilly
Albuquerque, NM

for Appellant

Doughty & West PA
Minerva Camp
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Worker appeals an order of the workers' compensation judge (WCJ) awarding Worker temporary total disability payments and permanent partial disability benefits, but denying modifier benefits and rejecting Worker's claim that he had not yet reached maximum medical improvement (MMI). We proposed to affirm in a notice of proposed summary disposition, and Employer and Insurer (Employer) filed a memorandum in support of our proposed disposition.

Worker filed a motion for an extension of time to file his memorandum in opposition, which is **granted**. After reviewing the arguments contained in Worker's memorandum in opposition and Employer's memorandum in support, we remain unconvinced that our proposed disposition is in error. Therefore, we affirm the order of the WCJ.

In his docketing statement, Worker claimed that the WCJ erred in finding that Worker was at MMI as of October 23, 2009, because he claimed that the issue of whether Worker's groin pain was caused by an obturator hernia remained outstanding, and he claimed that he was entitled to a laparoscopy and possibly exploratory surgery to diagnose and potentially treat the obturator hernia. [DS 2-3] In our notice of proposed disposition, we reviewed the evidence and testimony introduced at the hearing and proposed to hold that there was sufficient evidence to support the WCJ's decision that the possibility that Worker's groin pain was caused by an obturator hernia was too speculative to warrant additional treatment or testing. [RP 196 (¶¶ 36-37)] *Cf. Yeager v. St. Vincent Hosp.*, 1999-NMCA-020, ¶ 18, 126 N.M. 598, 973 P.2d 850 (recognizing that the worker has the burden to provide any medical evidence

necessary to prove he has a compensable claim). We also observed that Worker had failed to inform us of the evidence and testimony introduced in support of the WCJ's decision despite his obligation as Appellant to provide this information. *See* Rule 12-208(D)(3) NMRA (stating that the docketing statement shall contain "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented").

In his memorandum in opposition, Worker appears to acknowledge that a CAT scan, along with a physical examination, may be instrumental in diagnosing an obturator hernia, that Dr. Reddy and Dr. Allen both reported that a CAT scan was done, and that the CAT scan did not indicate the presence of an obturator hernia. [MIO 1-2] However, he claims that Dr. Allen reported that the results of the scan were inconclusive and that Dr. Reddy stated that he had not seen the medical records of Worker at the time he examined Worker. [MIO 1-2] We are unpersuaded that Worker's contentions warrant reversal of the WCJ's determination that any possibility of an obturator hernia was too speculative to require additional testing or treatment.

In our notice, we observed that Dr. Allen testified that the CAT scan did not show an obturator hernia [RP 185 (¶ 95)], even though he also acknowledged that he was not comfortable making a determination as to whether Worker might have an obturator hernia. [RP 184 (¶¶ 84, 88-89); RP 196 (¶ 31)] Furthermore, Dr. Reddy testified that his examination of Worker failed to detect a hernia, that he saw no evidence of any hernia after performing a limited ultrasound, and that Worker failed to exhibit any symptoms of a hernia. [RP 187 (¶¶ 112-114); RP 188 (¶ 121); RP 196

3

(¶¶ 33-34)] Finally, even though Dr. Reddy had not seen Worker's medical records before he examined Worker [MIO 1-2], the record indicates that Dr. Reddy had reviewed the CAT scan before the hearing, he testified that a CAT scan would pick up a hernia if one was present, and he did not detect an obturator hernia on the CAT scan. [RP 187 (¶¶ 119-120); RP 196 (¶¶ 33-34)] In his memorandum in opposition, Worker fails to dispute any of these observations from our notice of proposed summary disposition.

As discussed in our notice of proposed summary disposition, we will neither reweigh the evidence nor substitute our judgment for that of the WCJ. *See DeWitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 22, 146 N.M. 453, 212 P.3d 341. Therefore, for the reasons discussed earlier and in our notice of proposed summary disposition, we remain convinced that there was sufficient evidence to support the WCJ's conclusions that Worker received reasonable and necessary care to address his complaints and that any further testing to determine whether Worker had an obturator hernia was not reasonably necessary. [RP 196 (¶¶ 36-37)] *Cf. Tallman v. ABF (Arkansas Best Freight)*, 108 N.M. 124, 127-130, 767 P.2d 363, 366-369 (Ct. App. 1988) (recognizing that the whole record standard of review applicable when considering whether sufficient evidence supports the WCJ's findings and conclusions does not permit us to reweigh the evidence or make independent findings). Therefore, we affirm on this issue.

Worker also claims that Employer failed to prove that Worker is not legally entitled to work in the United States and thus he was erroneously deprived of modifier

4

benefits. [DS 3-4; MIO 1-2; RP 199 (¶ 10)] *See generally Gonzalez v. Performance Painting, Inc.*, 2011-NMCA-025, ¶¶ 2, 27-33, 150 N.M. 306, 258 P.3d 1098 (holding that an undocumented worker who is injured on the job is not entitled to modifier benefits pursuant to NMSA 1978, § 52-1-26(C) and (D) (1990), because an employer is legally prohibited from rehiring an injured worker who is not authorized to work in the United States), *cert. granted*, 2011-NMCERT-003, 150 N.M. 620, 264 P.3d 521. In our notice, we considered the evidence reviewed in the record which indicated that Worker is not a United States citizen, he has no visas or permits, and there are no other circumstances allowing him to work legally in the United States. [RP 189 (¶ 8), 197 (¶¶ 48, 55), 198 (¶¶ 56-58)] Moreover, even if Worker provided Employer with a copy of his social security card at the time that he was hired [RP 189 (¶ 7)], the record reflects that Worker could not provide a copy of the card throughout the course of the lawsuit [RP 177 (¶ 29)], and that Worker could not remember how or from where he obtained his social security card. [RP 177 (¶ 33)] Additionally, the record reflects that in response to the question "did you pay someone for your social security card[,]" Worker pleaded the fifth. [RP 177 (¶ 34)]

In his memorandum in opposition, Worker again claims that Employer did not offer proof that Worker was an undocumented Worker pursuant to federal law. [MIO 2] However, he fails to rebut the observations and analysis contained in our notice of proposed disposition on this issue, and he fails to indicate that he offered any additional evidence in support of his contention that he was legally authorized to work

5

in the United States.  Therefore, for the reasons set forth in our notice of proposed summary disposition, we affirm on this issue. *See id.*

**Conclusion**

For the reasons set forth in this Opinion and those discussed in our notice of proposed summary disposition, we affirm the order of the WCJ.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**JAMES J. WECHSLER, Judge**